UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD WILDER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:04CV704 HEA |
| | ) | |
| TROY STEELE and JEREMIAH W. | ) | |
| "JAY" NIXON,[1] | ) | |
| | ) | |
| Respondents, | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Report and Recommendation, of Magistrate Judge Frederick R. Buckles, that Ronald Wilder's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, [Doc. No. 1], be denied. Petitioner has filed written objections to the Report and Recommendation. When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). Pursuant to 28 U.S.C.

---

[1] Troy Steele, Superintendent of Southeast Correctional Center (SECC), has been substituted as Respondent for Chuck Dwyer since Petitioner is presently incarcerated at SECC. Furthermore, because Petitioner is challenging a sentence to be served in the future, the Attorney General of Missouri, Jeremiah W. "Jay" Nixon, is added as a proper party respondent. See Rule 2(a) and (b), Rules Governing Section 2254.

§ 636, the Court will therefore conduct a *de novo* review of those portions of the Report and Recommendation to which petitioner objects.

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 (AEDPA) applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In reviewing a state court conviction, a federal court also presumes that a state court's factual determinations are correct; this presumption may be rebutted only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). In construing

AEDPA, the United States Supreme Court, in *Williams v. Taylor*, 529 U.S. 362 (2000), held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams*, 529 U.S. at 412-13. Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 409.

## Discussion

The Procedural History and Factual Background are set forth in the Report and Recommendation. Petitioner claims to "refute" the findings of facts contained in the Report and Recommendation with respect to the Missouri Court of Appeals' summary of the evidence presented at his trial regarding Officer Jesse Crump's arrest of Petitioner. In its summary, the Appellate Court stated that Crump ran a check and discovered that he was wanted for murder and placed him under arrest. Petitioner disputes this finding by attaching copies of a transcript wherein Crump

testified that he arrested Petitioner for possession of a stolen vehicle and misdemeanor possession of drug paraphernalia and drugs, and the Proposed findings of fact submitted by counsel for Petitioner in Petitioner's original proceeding which was remanded by the Missouri Appellate Court.  This issue, however, was raised in Petitioner's trial which is the subject of this Petition.  Although Crump testified that he arrested Petitioner for "possession of stolen property" the trial court, after an oral motion for mistrial, overruled the motion, instructed the jury to disregard Crump's statement and allowed Crump to testify that he placed Petitioner under arrest for murder and robbery.  Petitioner's objection in this regard is overruled.

As Ground One of the Petition, Petitioner argues that trial counsel was ineffective in his failure to raise in the Motion for New Trial a claim that the trial court erred in admitting evidence of bullets found in and seized from Petitioner's car.  Judge Buckles found that Petitioner's claim is without merit, under the *Strickland v. Washington*, 466 U.S.668, 686 (1984) analysis because counsel cannot be found to be ineffective in failing to pursue a matter upon which there is no reasonable likelihood of success.  The State Court found that the trial court counsel was not ineffective because under Missouri law, the evidence and testimony about the bullets was logically relevant to Petitioner's guilt of the crimes. The 9 mm bullets had the same markings as those seized from Petitioner's bedroom, and a

shell casing matching the bullets seized from Petitioner's vehicle and bedroom was found at the scene of the crime in an area where Petitioner was observed by a witness to have been standing with a 9 mm gun.  The Motion Court determined that the bullet evidence corroborated other evidence that placed Petitioner at the scene and that, its probative value of linking Petitioner to the crimes outweighed any prejudicial effect.

Petitioner objects because the Courts facts, findings and conclusions are silent as to the cummulative nature of the 9mm bullet seized from the vehicle.  Petitioner argues that the purpose of the testimony regardng this bullet was "reflective on petitioner's character, as 'bad character.'"  He further argues that the court's finding that admission of the .32 bullet was to give a complete picture of the circumstances surrounding the seizure of the bullets in petitioner's car is not the law of the case because the state sought admission of the two bullets for collaboration.

The State Court's findings and conclusions are not contrary to, nor do they involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; nor did they result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d).  The State Court's findings are based on rules of evidence that correspond to federal law.  The

admission of this evidence had a legitimate basis.  Petitioner's argument that the admission was not the law of the case is without merit because the Court was not bound by the prosecution's rationale for admission.  The Court may base its decision for admission on any legal basis.  In that the evidence was admissible, counsel cannot be held to have been ineffective for failing to raise a non-meritorious claim.

Petitioner objects to Judge Buckles' finding that the two bullets seized during the traffic stop were legally seized and admissible.  He further argues that he was denied a full and fair opportunity to litigate his fourth amendment claim.  The Missouri Court of Appeals found that consent was given to search the car which resulted in finding the two bullets and a gun.  Petitioner does not articulate the basis of his fourth amendment argument in his objections, rather, he relies on his traverse wherein he once again argues that the bullets should not have been admitted because they do not relate to the basis of his arrest, *i.e.* possession of the loaded .38 revolver discovered in the vehicle.  While Petitioner is correct that mere possession of bullets is not *per se* a bad act or crime, the State Court allowed the admission of the bullets for the reasons previously discussed.  As such, the admission is not contrary to clearly established federal law.  The objection is therefore overruled.

As Ground Two, Petitioner claims that direct appeal counsel was ineffective

in her failure to raise a claim that the trial court erred in failing to grant a mistrial upon the admission of evidence of prior bad acts.  Petitioner argues that he rebuts Judge Buckles' finding that he sustained no prejudice for failure to include his claim on direct appeal.  Petitioner reiterates, in his traverse, upon which he bases his objection, that the curative instruction failed to remove the prejudice he suffered through Crump's testimony that Petitioner was arrested for stolen property.

An examination of the record, however, reveals no prejudice to Petitioner.  The trial court immediately gave the curative instruction after the testimony.  The Motion Court determined that the immediate admonishment to disregard the statement, combined with the fact that the statement had no decisive effect on the verdict, the brief and isolated nature of the statement and the overwhelming evidence of Petitioner's guilt established that there was no error in denying Petitioner's Motion for New Trial and therefore an appeal of the issue would not have yielded success.  This finding is not contrary to clearly established federal law, or is it an unreasonable application of clearly established federal law.  As such, failure to raise the non-meritorious claim does not constitute ineffective assistance of counsel.  Petitioner has not shown by clear and convincing evidence that he suffered any prejudice by direct appeal counsel's performance.  His objections, are therefore overruled.

## Conclusion

This Court has conducted a *de novo* review of those portions of the Report and Recommendation to which Petitioner objects. The Court finds that the Report and Recommendation sets forth a very thorough and correct analysis of the issues raised in the Petition. Petitioner's objections to the Report and Recommendation are without merit and are denied in their entirety. The Court will adopt the Recommendation of Judge Buckles that the Petition be DENIED.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Ronald Wilder for Writ of Habeas Corpus, [Doc. No. 1], pursuant to 28 U.S.C. § 2254 is DENIED.

**IT IS FURTHER ORDERED** that the request by Petitioner for a Certificate of Appealability is DENIED, as Petitioner has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 29th day of August, 2007.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE